### GREENBERGER v. GORDON.

(Supreme Court, Appellate Term, First Department. May 31, 1916.)

SALES ☞417—REMEDY OF BUYER—ACTION FOR BREACH—SUFFICIENCY OF EVIDENCE.

In an action for failure to deliver cloth bought October 4th for $1.80 per yard for immediate delivery, claimed to be worth $2.50 a yard, evidence that formal tender was made by plaintiff October 6th, when delivery was refused, but October 7th delivery was tendered and refused did not support verdict for plaintiff.

[Ed. Note.—For other cases, see Sales, Cent. Dig. § 1173; Dec. Dig. ☞417.]

Appeal from Municipal Court, Borough of Manhattan, Second District.

Action by Annie Greenberger against Abraham Gordon. From a judgment for plaintiff in Municipal Court, after trial by court without a jury, defendant appeals. Reversed, and new trial ordered.

Argued March term, 1916, before LEHMAN, PENDLETON, and WHITAKER, JJ.

Almy, Van Gordon, Evans & Kelly, of New York City (William S. Evans, of New York City, of counsel), for appellant.

Charles S. Rosenthal, of New York City, for respondent.

LEHMAN, J. The plaintiff's assignor on the 4th day of October, 1915, bought from the defendant five pieces of plush at $1.80 per yard, payment to be made before delivery. On the afternoon of October 6, 1915, plaintiff's assignor demanded a delivery of the goods and made a formal tender of the purchase price. Delivery was then refused. This action is now brought by an assignee, suing as a poor person, after the dismissal of a complaint for failure of proof in an action brought by the assignor upon the same cause of action. The plaintiff claims that the market price of the goods was $2.50, and has recovered a judgment for damages suffered by failure of the defendant to make

delivery as promised. The defendant claims that he stated at the time the sale was made that he did not have the goods in the store, and that delivery was to be made only upon receipt of the goods. He did not have the goods on October 6th, and therefore could not make delivery; but he received them on October 7th, and tendered the delivery to the plaintiff's assignor on that date. The plaintiff's assignor does not dispute that he refused to accept the goods on October 7th, but he does claim that the actual tender that was made was a tender of only four pieces, instead of five pieces, in accordance with the contract.

The trial justice has determined all the disputed questions of fact in favor of the plaintiff, and has apparently held that the defendant agreed to sell the goods for immediate delivery and that the contract price was 70 cents less than the market price. Ordinarily the determination of the trial court should not be set aside because an appellate court would have reached the opposite conclusion, but in this case it seems to me that the surrounding circumstances point almost with certainty to the conclusion that the action is not brought in good faith and that the plaintiff has not suffered the damages awarded. It seems to me contrary to ordinary experience that a dealer will sell goods for $1.80 a yard which at that time are reasonably worth the sum of $2.50 per yard; it seems to me improbable that, if the plaintiff succeeded in buying goods on October 4th at so favorable a price, he should inform the defendant on October 7th that he would not accept the goods and was not interested in them, after he had taken the trouble to formally tender the price on the afternoon of October 6th. Moreover, the unexplained assignment to a plaintiff, suing as a poor person, after the assignor had been unsuccessful in a prior action, raises considerable suspicion on the good faith of the entire matter. In the interests of justice I think that the defendant should be granted a new trial.

Judgment reversed, and a new trial ordered, with $30 costs to appellant to abide the event. All concur.